# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40392
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Abel Carrera-Contreras,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-135-1

————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Abel Carrera-Contreras appeals the 120-month, above-guidelines range sentence imposed upon his guilty plea conviction for illegal reentry by a deported alien. *See* 8 U.S.C. § 1326(a), (b)(1). Carrera-Contreras contends that the sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of the 18 U.S.C. § 3553(a) sentencing factors in

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that the district court gave insufficient weight to the significantly lower guidelines range of eight to 14 months and accorded inordinate weight to his criminal history, which was already considered in deriving the guidelines range. He also asserts, without further elaboration, that the sentence creates unwarranted sentencing disparities. Finding no abuse of discretion, we AFFIRM. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

The record reflects that the district court expressly took the guidelines range into account. While "the Guidelines should be the starting point and the initial benchmark" of sentencing, they "are not the only consideration." *Gall v. United States*, 552 U.S. 38, 49 (2007). The district court found that Carrera-Contreras's extensive record of illegal reentries and commission of various other crimes, almost none of which factored into the guidelines range calculation and all of which were committed while he was illegally in the United States, amply supported an upward variance. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The district court thus "was aware of the [guidelines] range and explicitly explained why [it] did not believe it was an appropriate sentence." *United States v. Navarro-Jusino*, 993 F.3d 360, 363 (5th Cir. 2021).

Insofar as Carrera-Contreras's criminal history partially factored into deriving the guidelines range itself, the "argument that the district court could not rely on factors already encompassed within the guidelines to support a non-guidelines sentence is foreclosed." *Key*, 599 F.3d at 475. Carrera-Contreras does not otherwise explain why his criminal history was an irrelevant or improper sentencing factor. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006); 18 U.S.C. § 3553(a). Moreover, although we must consider the extent of the variance, *see Brantley*, 537 F.3d at 349, and a 120-month sentence is a significant deviation from the 14-month high-end of the guidelines range, we have consistently affirmed above-guidelines range sentences in cases with materially similar facts. *See, e.g.*, *id.* at 350; *see also*

No. 24-40392

*Gall*, 552 U.S. at 51 (providing that deference is owed to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance).

Carrera-Contreras fails to show that his above-guidelines range sentence fails to account for a sentencing factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. Accordingly, he has not demonstrated that the district court abused its discretion in imposing an above-guidelines sentence. *See Gall*, 552 U.S. at 49-51; *Key*, 599 F.3d at 475.

The judgment is AFFIRMED.